[Civ. No. 1218. Fourth Appellate District.—May 31, 1933.]

CHARLES S. BOONE, Appellant, v. DOYLE CATTLE COMPANY (a Corporation) et al., Respondents.

T. N. Harvey and Claflin & Claflin for Appellant.

Michael F. Shannon, Thomas A. Wood and Robert H. Dunlap for Respondents.

ANDREWS, J., *pro tem.*—The findings in this case being generally in favor of the defendants, and the judgment wholly in favor of the defendants, the question presented on this appeal is whether the fact that reference is made in the findings to an exhibit introduced in evidence at the trial creates an inconsistency the force of which is given no effect in the judgment.

Finding number nine in its general effect is that the plaintiff had no right whatever in the waters of the river as against defendants except as to and subject to an agreement, plaintiff's exhibit ''C''. Finding number twelve determines that the use of the waters by defendants was adverse to plaintiff except as provided by and subject to agreement of arbitration, plaintiff's exhibit ''C''. Finding number thirteen relates to a custom existing along the stream which gave to defendants the right to the waters of the river to the exclusion of the plaintiff, but this language is used: ''It is true that the agreement referred to and described in paragraph II of the fourth defense of defendants Doyle Cattle Company, . . . was executed as set forth in paragraph II of said fourth defense in the answer of said parties to the amended complaint; but it is also true that said agreement has not been lived up to.'' Finding number fourteen· reads as follows: ''It is also true that said agreement is and has the force of a judgment but it is also true that the rights established by said judgment have not been generally asserted or relied upon.''

In the conclusions of law it is determined that defendants are entitled to the use of the waters of the river and that they· could divert all of the waters of the river at all times of the year except as provided in the arbitration agreement, plaintiff's exhibit ''C''.

■ Findings of fact are the all-important and all-inclusive basis for every judgment. When the facts are ascertained the law will work out the rights of the parties whether it is done by the trial court or in the upper courts. This appeal was taken upon the judgment-roll alone and therefore this exhibit ''C'', referred to in the findings, is not brought to this court and the rights to which it relates are not worked out in the judgment. A party bringing a case to this court for review must present a record which justi-

fies reversal. The judgment-roll alone reveals the uncertainty which plaintiff insists requires a reversal of the case. There is no escape from the inference arising from the reference to the exhibit that some right existed as between the parties not shown by the judgment. The facts were all before the trial court and it was required to work out the rights of the parties in its judgment in accordance with the findings of fact. The matter was one clearly within the issues of the case and the judgment is incomplete without determining the effect of the instrument.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 29, 1933, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 28, 1933.

Thompson, J., dissented.